Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 683 | **DATE** | 8/5/2010 |
| **CASE TITLE** | Evelyn Ezell, et al vs. Dessent Roofing Company, Inc. | | |

**DOCKET ENTRY TEXT**

Enter opinion. Defendant's motion to strike the allegations [14] is denied. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

　　　Plaintiffs Evelyn and Andrew Ezell, a husband and wife, charged Defendant Dessent Roofing, Inc. (hereinafter "Defendant" or "Dessent"), their former employer, with race discrimination, sexual harassment, and retaliation in connection with several incidents that occurred between February and May 2009. (*Id.* at 1, 2-7.) Defendant has moved to strike paragraphs 53 to 58 of the complaint pursuant to Rule 408 of the Federal Rules of Evidence. (Def.'s Mot. to Strike at 1.). That Rule bars evidence of settlement negotiations:

　　　(a). Prohibited uses. Evidence of the following is not admissible . . . when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim . . . .

FED. R. EVID. 408. Paragraphs 53 through 58 of Plaintiffs' complaint describe a meeting that occurred after Plaintiffs had filed charges with the Department of Human Rights, charging race discrimination and sexual harassment. At that meeting, Defendant's principal, Charles Dessent, offered to settle Plaintiff Evelyn Ezell's claim, but only in return for both Plaintiffs' withdrawal of their claims. When Plaintiffs refused that offer, Dessent terminated their employment, telling Evelyn, "Well, you know you're fired, and Andrew is definitely not coming back." (Complaint, ¶ 57.) Plaintiffs contend these allegations support their substantive claim of retaliation. They note that the allegations make no mention of any specific settlement proposals and are presented not to establish liability, but to shed light on Dessent's motives for discharging them. (*Id.* at 1-2.)

　　　Motions to strike are disfavored, and courts ordinarily decline to strike a pleading unless they can "confidently conclude that it is prejudicial to the objecting party." *See McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009). Moreover, district courts have "broad discretion" to allow evidence for purposes other than proving a defendant's liability under Rule 408, including to allow a party to

| STATEMENT |
|---|

demonstrate another party's knowledge and intent. *Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). The court here agrees with Plaintiffs that the challenged allegations do not run afoul of Rule 408. The settlement negotiations are not presented to show that Defendant is liable for sexual harassment or race discrimination, but instead to support Plaintiffs' claim that Dessent was motivate to terminate their employment by the fact that they had filed charges. Cf. *Zurich*, 417 F.3d at 689 (quoting *Vulcan Hart Corp. v. NLRB*, 718 F.2d 269, 277 (8th Cir. 1983) ("Rule 408 excludes evidence of settlement offers only if such evidence is offered to prove liability for or invalidity of the claim under negotiation.")). How and whether evidence of this conversation is introduced at trial may be the subject of appropriate *in limine* motions. The motion to strike the allegations [14] is denied.

*[signature]*