Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 683 | **DATE** | 8/5/2010 |
| **CASE TITLE** | Evelyn Ezell, et al vs. Dessent Roofing Company, Inc. | | |

**DOCKET ENTRY TEXT**

Enter opinion. Defendant Dessent Roofing Company's motion to dismiss Counts II and VI - IX [12] is denied. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Evelyn and Andrew Ezell, former employees of Defendant Dessent Roofing Company, have filed a nine-count complaint against Dessent, alleging that Evelyn was the victim of race discrimination, sexual harassment, and retaliation, and that Andrew was the victim of race discrimination and retaliation. Dessent has moved to dismiss Count II, in which Evelyn alleges sexual harassment, and Counts VI-IX, Andrew's claims of race discrimination and retaliation.

In response to the motion to dismiss, Plaintiffs summarize the allegations that support Evelyn's sexual harassment claim as follows:

> When Evelyn complained [that Andrew had been denied recall from layoff on the basis of race], Robert said, "You get the fuck out of here bitch." When Evelyn objected, Robert replied, "Yes, I'm calling you a damn bitch, you've been a bitch. Now get the fuck out of my office you black bitch." A few minutes later Robert approached Evelyn and yelled, "Bitch, go back to work, your break is over."

Plaintiff's Response to Motion to Dismiss, citing Complaint, ¶¶ 24, 28-29, 32, 35. Citing several cases decided at the summary judgment stage, Defendants argue that a single episode of abusive language is not so severe or pervasive as to constitute sexual harassment. The court agrees that if the evidence of harassment is limited to this single incident, it would bolster Evelyn's retaliation claim but may not be sufficient to prove harassment. At the motion to dismiss stage, however, these allegations are sufficient to raise Plaintiff's claim about the speculative level. *Cf. Ashcroft v. Iqbal*, 179 S.Ct. 1937, 1949 (2009). The motion to dismiss Count II is denied.

Defendant also moves to dismiss Andrew's race discrimination and retaliation claims. The allegations in support of those claims are thin: the complaint alleges that Evelyn and Andrew submitted written complaints about a poster that ridiculed President Obama. Thereafter, they allege, Andrew was the only roofer employed by Defendant who was not assigned to roofing jobs. Through Evelyn, Andrew submitted a written complaint about not being called for work; when she handed the complaint to

| STATEMENT |
|---|

Defendant's owner, Evelyn asserted that Defendant's real reason for refusing to employ her husband was race. Plaintiffs have not explained the basis for Evelyn's belief that race discrimination was at work; Plaintiffs are African-Americans and Defendant's owners are Caucasian (Complaint, ¶ 12), but the complaint does not reveal the race of any of the roofers who were called back to work. Plaintiffs have not alleged that non-African American employees were treated more favorably, nor have they made clear why their protests concerning the anti-Obama poster must be construed as protected activity. The court is, nevertheless, reluctant to dismiss the complaint on motion. Even post-*Iqbal*, a plaintiff survives such a motion by making a short and plain statement that raises his or her claim above the speculative level. That test is met here.

Plaintiffs' claims may not survive summary judgment, but the motion to dismiss Counts II and VI - IX [12] is denied.

*[signature]*