# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 683 | **DATE** | 1/31/2011 |
| **CASE TITLE** | Evelyn Ezell, et al vs. Dessent Roofing Company, Inc. | | |

**DOCKET ENTRY TEXT**

Written Opinion: Judgment is entered in favor of Plaintiffs and against Defendant Dessent Roofing Company in the amount of $94,940.00 ($36,000 + $53,940 + $5,000). The court directs that Defendant Dessent re-employ Evelyn Ezell at the same rate of pay she was earning at the time of her discharge. The court retains jurisdiction to enforce its judgment. (For further details see minute order.)

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Mail AO 450 form.

# STATEMENT

Plaintiffs Evelyn and Andrew Ezell worked for Defendant Dessent Roofing Company. Disputes arose that Plaintiffs believe to be related to their race, African-American, and managers used harsh language when Evelyn made complaints about the work environment and handed her manager a written complaint from her husband. After Evelyn returned from a leave to deal with her work-related stress, managers fired her and announced that her husband would not be sent out to work on roofing job assignments. In this lawsuit, Evelyn alleged race discrimination and retaliation in violation of Title VII (Counts I and III) and section 1981 (Counts IV and V) and sexual harassment (Count II); Andrew alleged race discrimination and retaliation in violation of Title VII (Counts VI and VII) and section 1981 (Counts VIII and IX).

Defendant was represented by counsel for some months, but the attorneys withdrew in July of last year. Defendant has since then abandoned the defense of this case and failed to respond to discovery requests despite explicit warnings that failure to respond would result in a default. On December 7, 2010, the court entered a default order.

Plaintiffs have now submitted affidavits in support of their request for damages. Again, Defendant has failed to respond. Andrew Ezell's affidavit calculates his lost wages, net of what he actually earned, at $36,000.00. Evelyn Ezell asserts in her affidavit, without elaboration, that she has been unable to find work since being fired from her job and has lost wages in the amount of $53,940.00. Ms. Ezell also seeks compensatory and punitive damages in the total amount of $20,000.00. Despite the emotional distress she claims to have suffered, Ms. Ezell has asked that the court order reinstatement, as it is her understanding that the manager responsible for harassment in the workplace no longer works for Defendant.

The court is satisfied that Ms. Ezell has suffered emotional distress, but her affidavit describes only two incidents of harassment–one involving racially-charged statements concerning President Obama and a

| STATEMENT |
|---|
| second incident in which her manager called Ms. Ezell a "black bitch." Those two episodes, while obviously improper, do not warrant an award of $20,000, nor do they satisfy the court that a punitive damages award is warranted. The court will award $5,000 for Ms. Ezell's emotional distress, in addition to the lost wages.<br><br>     Judgment is entered in favor of Plaintiffs and against Defendant Dessent Roofing Company in the amount of $94,940.00 ($36,000 + $53,940 + $5,000). The court directs that Defendant Dessent re-employ Evelyn Ezell at the same rate of pay she was earning at the time of her discharge. The court retains jurisdiction to enforce its judgment. |